**United States District Court**
**District of Massachusetts**

```
———————————————————————————— )
                                )
LORRAINE J. SULLIVAN,           )
Individually and as Parent, Next )
Friend and Custodian of L.D.S., )
                                )
        Plaintiffs,             )    Civil Action No.
                                )    13-11624-NMG
        v.                      )
                                )
COLIN J. SULLIVAN, et al.       )
                                )
        Defendants.             )
———————————————————————————— )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves a dispute between potential beneficiaries of a life insurance plan. Lorraine Sullivan and L.D.S., her minor child (collectively, "plaintiffs"), seek a declaration that they are the sole beneficiaries of the plan and that Lisa Sullivan and Colin Sullivan ("the Sullivans") renounced their rights as beneficiaries. In this and related litigation, Metropolitan Life Insurance Company ("MetLife") seeks to ascertain the proper beneficiaries of the subject policy. Pending before the Court is plaintiffs' motion to remand the case to state court. For the reasons that follow, the Court will deny plaintiffs' motion and retain jurisdiction because the case is preempted by the Employee Retirement Income Security Act ("ERISA"), a federal statute.

-1-

I.    **Background**

Daniel J. Sullivan ("the decedent") was employed by
Textron, where he maintained a life insurance policy ("the
policy").  The policy was sponsored by Textron and MetLife
served as the claims administrator.

The decedent's plan included a form to designate
beneficiaries.  On the front of the form, he designated
plaintiffs as his beneficiaries.  In what has become the crux of
the problem, however, on the reverse side of the form the
decedent also named the Sullivans as "additional beneficiaries."

The decedent died in June, 2011, survived by all of the
named beneficiaries.  In August, 2011, plaintiffs filed the
required paperwork and were paid part of the insurance proceeds.
After MetLife discovered the additional beneficiaries on the
form, it notified plaintiffs of the overpayment.  In response,
plaintiffs sent MetLife documents signed by the Sullivans
purporting to renounce their claims as beneficiaries.  Seeking
to confirm their renunciation, MetLife asked the Sullivans to
sign a general release.  They refused and filed claims under the
decedent's plan, asserting that their prior renunciations had
been signed under "duress and false pretenses."

Litigation ensued.  MetLife filed a federal interpleader
complaint against plaintiffs in September, 2012, in this Court,
seeking a declaration as to the proper beneficiaries of the

plan.  See Metro. Life Ins. Co. v. Sullivan et al., No. 12-cv-
11794-NMG.  In May, 2013, plaintiff filed a complaint in the
instant case in Middlesex Probate & Family Court seeking a
declaration under Massachusetts state law that she and L.D.S.
are the sole beneficiaries of the decedent's life insurance
policy because the Sullivans have renounced their rights.  They
named the Sullivans, MetLife and Fidelity Management Trust
Company ("Fidelity") as defendants.  Fidelity is presumably
named because of its role as trustee of the Textron Savings
Plan, an unrelated benefit held by the decedent.

MetLife, joined by the other defendants, removed the case
to this Court in July, 2013, and it was assigned to this session
as a related case.  Plaintiffs then moved to remand the case to
state court, asserting both that removal was jurisdictionally
improper and that MetLife had failed to secure the unanimous
consent of all the defendants.

III. **Analysis**

Plaintiffs make three arguments for remand.  First, they
contend that this case raises no ERISA-related issue.  Second,
they maintain that defendants' removal was defective because not
all of the individual defendants provided written consent prior
to removal.  Third, plaintiffs assert that the lack of diversity
between the parties dooms defendants' removal.  Defendants

respond that the first and second contentions are incorrect and the third is immaterial.

A state law is preempted if it "relate[s] to an employee benefit plan" governed by ERISA. 29 U.S.C. § 1144(a). Accordingly, ERISA preemption

> involves two central questions: (1) whether the plan at issue is an "employee benefit plan" [within ERISA] and (2) whether the cause of action "relates to" this employee benefit plan.

Colonial Life & Acc. Ins. Co. v. Medley, 572 F.3d 22, 29 (1st Cir. 2009) (citing Hampers v. W.R. Grace & Co., Inc., 202 F.3d 44, 49 (1st Cir. 2000)). ERISA expressly defines employee benefit plans to include those maintained by employers to provide benefits in the event of death. 29 U.S.C. § 1002(1). This analysis leads to the unavoidable conclusion that the life insurance benefits held on behalf of the decedent are part of an employee benefit plan under ERISA. See, e.g., Nicholls v. Aetna Life Ins. Co., No. 13-cv-00821, 2013 WL 5839763, at * 2 (D. Conn. Oct. 30, 2013).

Plaintiffs' cause of action undoubtedly relates to the subject benefit plan. Seeking a state law judgment under Mass. Gen. Laws c. 231A and 191A, which govern declaratory judgments and disclaimers of interests, respectively, does not change the fact that the core dispute in this case concerns an employee life insurance plan. See Turner v. Fallon Cmty. Health Plan,

-4-

Inc., 127 F.3d 196, 199 (1st Cir. 1997).  Moreover, as
defendants point out, plaintiffs' state court complaint itself
concedes that the subject plan is an employee benefits plan
under ERISA.

Plaintiffs' next argument is that the lack of diversity
among the parties (and the failure to plead the requisite
amount-in-controversy) merits remand.  They are correct that the
parties are not diverse but misunderstand the basis of removal
in this case.  ERISA preemption divests the state court of
jurisdiction because the case becomes one of original federal
jurisdiction under 28 U.S.C. § 1331, not because the parties are
diverse.  See Fernandez-Vargas v. Pfizer, 522 F.3d 55, 63 (1st
Cir. 2008).  Indeed, defendants did not invoke diversity
jurisdiction in their notice of removal.

Finally, plaintiffs seek to remand the case on the grounds
that defendants' failed to reach unanimous consent before the
removal.  Defendants respond that the initial notice of removal
clearly indicated such consent.

In cases with multiple defendants, federal courts require
all defendants to consent to removal.  See Esposito v. Home Depot
U.S.A., Inc., 590 F.3d 72, 75 (1st Cir. 2009).  Although consent
must be unanimous, a party need not physically sign a removal
petition for consent to be clear.  See Frankston v. Denniston,
376 F. Supp. 2d 35, 38 (D. Mass. 2005).

Here, MetLife filed the notice of removal but also indicated that the other defendants "consent to and/or join in the removal of this action."  This expression of consent, offered by an officer of the court, is sufficient to satisfy the requirement of 28 U.S.C. § 1446(b)(2)(A).  All defendants properly consented to removal.[1]

Defendants properly removed plaintiffs' cause of action to this Court.  Accordingly, plaintiffs' motion to remand and motion to strike will be denied.

### ORDER

For the foregoing reasons, plaintiffs' motion to remand (Docket No. 12) is **DENIED** and plaintiffs' motion to strike (Docket No. 19) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated February 7, 2013

---

[1] Defendants' supposed lack of unanimous consent is also the subject of plaintiff's motion to strike defendants' "late file assents" which will also be denied.